UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RONALD WESLEY SPENCE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-54-TRM-MJD |
| ) | |
| HAMILTON COUNTY, TENNESSEE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are three motions filed by Plaintiff Ronald Wesley Spence, Jr. ("Plaintiff"): **(1)** Plaintiff's Motion to Strike Document 50 Supplement to Memorandum of Law [Doc. 51]; **(2)** Plaintiff's Motion to Compel Discovery and Initial Disclosures from Defendant Michael Craig and for Sanctions [Doc. 45 (motion); Doc. 46 (brief)]; and **(3)** Plaintiff's Motion to Compel Discovery from Defendant Hamilton County, Tennessee and for Sanctions [Doc. 47 (motion); Doc. 48 (brief); Doc. 52 (first supplement); Doc. 61 (second supplement); Doc. 62 (third supplement)]. By order entered August 8, 2025, the motions were referred to the Court for disposition pursuant to 28 U.S.C. § 636(b)(1). [*See* Doc. 74].

I. **PLAINTIFF'S UNOPPOSED MOTION TO STRIKE [DOC. 51] AND MOTION TO COMPEL DISCOVERY AND INITIAL DISCLOSURES FROM DEFENDANT MICHAEL CRAIG AND FOR SANCTIONS [DOC. 45].**

Regarding the first two motions listed [Doc. 51; Doc. 45], no response was filed by any party, and the time for doing so has now passed. *See* E.D. Tenn. L.R. 7.1. The Court finds that any opposition to the relief sought in these motions has been waived. *See* E.D. Tenn. L.R. 7.2. Plaintiff's motion to strike [Doc. 51] is therefore **GRANTED**. The Clerk is respectfully directed

to **STRIKE** Docket No. 50, and the Court will consider Docket No. 52 to be Plaintiff's first supplement to the motion to compel discovery from Defendant Hamilton County.

Plaintiff's motion to compel initial disclosures and discovery from Defendant Michael Craig [Doc. 45] is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**. The motion is **GRANTED** in that Defendant Michael Craig is **ORDERED** to fully comply with Federal Rule of Civil Procedure 26(a)(1) and serve the initial disclosures described in Rule 26(a)(1)(A) on all other parties to this case on or before **SEPTEMBER 2, 2025.** Defendant Craig is further **ORDERED** to provide responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents on or before **SEPTEMBER 15, 2025**.

The motion [Doc. 45] is **DENIED WITHOUT PREJUDICE** to the extent that Plaintiff seeks attorney fees incurred in filing the motion. Under the circumstances, including Defendant Craig's pro se status and the fact that the current scheduling order was recently vacated [*see* Doc. 74], the Court finds an award of attorney fees against Defendant Craig at this juncture would be unjust. *See* Fed. R. Civ. P. 37(a)(5). Defendant Craig is **FOREWARNED** that if he fails to fully and timely comply with this order, to properly participate in discovery, or to "otherwise defend" against the claims asserted against him in this case, he risks being sanctioned, including by being required to pay Plaintiff's reasonable attorney fees incurred in filing this or any future discovery motion or by having default judgment entered against him. *See* Fed. R. Civ. P. 37(a)(5); Fed. R. Civ. P. 55(a)–(b).

## II. PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT HAMILTON COUNTY, TENNESSEE AND FOR SANCTIONS [DOC. 47]

Plaintiff's motion to compel discovery from Defendant Hamilton County [Doc. 47] is **not** undisputed, at least not on the current record. Upon review of the briefing, exhibits, and supplements, the Court finds a hearing would greatly assist the Court in addressing the relevant

issues and resolving the motion. Considering the passage of time since the motion was filed, the Court will host a telephonic discovery status conference prior to the hearing (the "Discovery Conference").

The purpose of the Discovery Conference will be to (1) discuss the current posture of the case, including the status of Hamilton County's discovery responses and Plaintiff's review of the production referenced in his motion; (2) provide the parties an opportunity to explain whether their respective positions on the motion to compel have changed in light of the District Judge's recent order vacating the scheduling order [Doc. 74][1]; and (3) determine a mutually available date and time for an in-person hearing on the motion to compel. As such, prior to the Discovery Conference, the parties should consult their calendars and confer with one another to determine their availability for an in-person hearing on the following dates/times:

- Thursday, September 11, 2025, at 2:00 p.m. (all times Eastern);
- Friday, September 12, 2025, at 10:00 a.m.; or
- Monday, September 15, 2025, at 9:00 a.m.

**For clarity's sake, the Court reiterates that the above-listed dates/times reflect the Court's current availability for an in-person hearing on Plaintiff's pending motion to compel [Doc. 45]. If the parties are not available for an in-person hearing on any of the above-listed dates/times, they may bring this to the Court's attention during the Discovery Conference, and they SHALL be prepared to propose one or more mutually available alternative**

---

[1] For example, Plaintiff previously stated an intent to strike the motion if the Court extended the time for completion of discovery [Doc. 47 at Page ID # 252 ("Should the Court grant the motion to extend time, or should the County provide[] its full [discovery] pursuant to any extension by this Court, Plaintiff will move to strike this motion.")].

3

**dates/times for the in-person hearing. The Court will contact the parties by email to schedule the Discovery Conference.**

SO ORDERED.

ENTER: /s/ 
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE