UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RONALD WESLEY SPENCE, JR., ) | |
| ) | |
| *Plaintiff*, ) | Case No. 1:24-cv-054 |
| ) | |
| v. ) | Judge Travis R. McDonough |
| ) | |
| CERION CARSON, MICHAEL CRAIG, ) | Magistrate Judge Michael J. Dumitru |
| and HAMILTON COUNTY, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM & ORDER

This is an action for violation of 42 U.S.C. § 1983 in which Plaintiff, through counsel, alleges that Defendants Craig and Carson used excessive force against him in the Hamilton County Jail (Doc. 14). Now before the Court is Defendant Hamilton County's motion for summary judgment asserting that Plaintiff failed to exhaust his available administrative remedies prior to filing this action and the Court should dismiss Plaintiff's state law claims (Doc. 57), in support of which it filed various exhibits (Docs. 57-1–4) and a memorandum (Doc. 58). Plaintiff filed a response in opposition to this motion (Doc. 77), in support of which he filed an affidavit (Doc. 77-1). Defendant Hamilton County filed a reply (Doc. 80). Plaintiff also filed a motion for sanctions as to Defendant Craig for his failure to answer discovery requests despite a prior Court order requiring him to do so, and a memorandum in support of that motion (Docs. 88, 89). Defendant Craig has not filed a response, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a).

As the record establishes (1) that Plaintiff failed to exhaust his available administrative remedies prior to filing this action, as the Prison Litigation Reform Act ("PLRA") requires; (2) that Defendant Hamilton County is entitled to immunity from Plaintiff's state law claim under

Tenn. Code Ann. § 8-8-302; and (3) that Plaintiff's claim for indemnification is subject to dismissal, Defendant Hamilton County's motion for summary judgment (Doc. 57) will be **GRANTED**. Also, Plaintiff's motion for sanctions (Doc. 88) will be **DENIED without prejudice**.

I.      MOTION FOR SUMMARY JUDGMENT

While Defendant Hamilton County seeks summary judgment (Doc. 57), Plaintiff asserts in his response that the Court should address certain arguments therein under the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 77). Accordingly, the Court sets forth both standards.

A.      Standards

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Failure to exhaust is an affirmative defense for which a defendant bears the burden of proof. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). Accordingly, when a defendant moves for summary judgment on exhaustion grounds, he "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id.* at 455–56 (citation modified).

2

Also, in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted[,]" a court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] formulaic recitation of the elements of a cause of action will not do[,]" nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555, 557). Thus, a reviewing court asks whether the complaint contains "factual content that allows [it] to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In making this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the truth of all well-pleaded factual allegations in the complaint. *See Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of truth, however, does not extend to "allegations that are conclusory or require unwarranted inferences based on the alleged facts[,]" *Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015), or to a "legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**B.     Background**

Plaintiff alleges that (1) on February 7, 2023, Defendants Craig and Carson used excessive force against him in a manner that violated his constitutional rights, and (2) Defendant Hamilton County is liable for the tortious acts of Defendants Craig and Carson under Tenn. Code Ann. § 8-8-302 and must indemnify Plaintiff for any tort judgment against the individual Defendants (*See*, *generally*, Doc. 14).

3

It is undisputed that, after the force incident underlying the amended complaint, an internal investigation showed that Defendants Craig and Carson violated various policies of Defendant Hamilton County (Doc. 14, at 7; Doc. 58, at 16–17).

However, with its motion for summary judgment, Defendant Hamilton County filed sworn proof that while Plaintiff filed numerous grievances in the Hamilton County Jail between October 21, 2022, and January 31, 2025, it has no record of any grievance from Plaintiff regarding the February 7, 2023, force event underlying the complaint (Doc. 57-1, at 2; Doc. 57-4). Defendant Hamilton County also filed the applicable Hamilton County Jail grievance policies and procedures, which provide in relevant part that "[i]nmates will be informed of the grievance process through the Inmate Handbook and during the orientation process. The grievance system and assistance will be readily available to inmates regardless of their classification status" (Doc. 57-3, at 1–2). The grievance policies and procedures further provide that an inmate may file a grievance through a kiosk or a grievance form, if the kiosk is not available, and that an inmate must file a grievance within ten days of an incident (*Id.* at 2–4).

Additionally, in its memorandum in support of their motion for summary judgment, Defendant Hamilton County asserts that it is immune from Plaintiff's claim under Tenn. Code Ann. § 8-8-202 under Tennessee law, and that Plaintiff's claim for indemnification is not cognizable because Defendants Craig and Carson were not acting within the scope of their employment in the incident underlying the complaint (Doc. 58, at 7–17).

In his affidavit in response to Defendant Hamilton County's summary judgment motion, Plaintiff asserts in relevant part that (1) when he first entered Hamilton County custody, he was not given guidance regarding how to file a grievance before filing a lawsuit and had never filed a lawsuit before; (2) he was never provided an inmate handbook or any written jail policy, any
4

instruction on how to file a grievance, or any instruction regarding the PLRA requirements; (3) he met with investigators about "the beating," told the investigators he planned to file a lawsuit, and assumed the investigators were conducting an investigation; and (4) had he known that he had to file a grievance, he would have done so (Doc. 77-1, at 1).

Additionally, in his response in opposition to the motion for summary judgment, Plaintiff asserts that the Court should consider arguments in the summary judgment motion for which Defendant Hamilton County does not cite affidavits in the record under the Rule 12(b)(6) motion to dismiss standard, specifically pointing out that Defendant Hamilton County's assertion that Defendants Craig and Carson were not acting within the scope of their employment is not supported by an affidavit (Doc. 77, at 1–4). Plaintiff then sets forth the standard for Rule 12(b)(6) motions to dismiss before stating that (1) Defendant Hamilton County improperly argues that it is entitled to immunity under the Tennessee Government Tort Liability Act ("GTLA"); (2) that Tennessee has waived its sovereign immunity for "ordinary negligence" of government employees; and (3) that Tenn. Code Ann. § 8-8-302 "funnels" claims against county deputies to "the county in which the sheriff serves" such that "[a]ctions for the non-negligent misconduct of deputies . . . may therefore be covered by Tenn. Code Ann. § 8-8-301 *et. seq.*, in the appropriate cases" (*Id.* at 4–10) (citing *Jenkins v. Loudon Cnty.*, 736 S.W.2d 603, 610 (Tenn. 1987)).

Plaintiff then states that the intentional torts of "battery, assault, the intentional infliction of emotional distress ('IIED'), and civil conspiracy" alleged in his complaint occurred during the course and scope of the individual Defendants' employment, and that he does not allege *Monell* liability on the part of the County (*Id.* at 10). Plaintiff further asserts that the GTLA should not override federal law in a manner that would "swallow broad classes of claims . . . simply because

5

they can be characterized as relating to or arising from federal rights" (*Id.* at 11–12). Plaintiff therefore states that his constitutional claims against Defendants Carson and Craig are separate from his battery, assault, IIED, and civil conspiracy claims, and that he should be able to hold the County liable for his common law claims under Tenn. Code Ann. § 8-8-302 (*Id.* at 13).

### C. Analysis

#### 1. Exhaustion

While Plaintiff states in his amended complaint that he sues Defendant Hamilton County under § 1983 and seeks damages from this Defendant under § 1983 due to the violation of his constitutional rights (Doc. 14, at 1–2), in the portion of that complaint setting forth Plaintiff's claims, he specifies that (1) he sues only one or both of the individual Defendants for the federal and state claims set forth in counts 1–10 of his amended complaint, and (2) he sues Defendant Hamilton County only for his claim under Tenn. Code Ann. § 8-8-302 and for indemnification based on his assertion that the individual Defendants were acting within the scope of their employment at the time of the relevant incident (*Id.* at 8–17). Even more confusingly, while Plaintiff first states in his response in opposition to the summary judgment motion that he does not seek to hold Defendant Hamilton County liable under § 1983 for any theory of municipal liability and the PLRA exhaustion requirement does not apply to his state law claims against this Defendant (Doc. 77, at 10–16), he then also argues that his lack of knowledge of the PLRA exhaustion requirement excuses his failure to exhaust his available remedies prior to filing this lawsuit (*Id.* at 17–20).

Regardless, for the reasons set forth below, the Court finds that Defendant Hamilton County has established that Plaintiff failed to exhaust his administrative remedies as all his

6

§ 1983 claims in his complaint prior to filing this action, and Defendant Hamilton County is therefore entitled to summary judgment on any such claims against it.[1]

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Curry v. Scott*, 249 F.3d 493, 501 n.2 ("[T]he obligation to exhaust administrative remedies before resort to federal court is a mandatory one."). This statute requires "proper exhaustion" of administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

---

[1] In its reply, Defendant Hamilton County argues that the PLRA exhaustion requirement applies to all of Plaintiff's claims, including his state law claims, in support of which it cites *Porter v. Nussle*, 534 U.S. 516, 532 (2002), as well as cases from the Second, Ninth, and Sixth Circuits (Doc. 80, at 3–4). But Defendant Hamilton County did not make this argument in its memorandum in support of his motion for summary judgment (Doc. 58). To the contrary, in its memorandum in support of its motion for summary judgment, Defendant Hamilton County specifically separated its PLRA exhaustion arguments (*Id.* at 5–7) from its arguments for dismissal of the state law claims (*Id.* at 7–17). Thus, it is apparent that Defendant Hamilton County first presents its argument that the PLRA exhaustion requirement bars Plaintiff's state law claims in its reply, which is improper. *Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir. 2008) (noting that it is improper for a party to present new proof or raise new arguments in a reply, and that courts therefore treat arguments that a party raises for the first time in a reply as waived) (citation omitted).

Regardless, none of the cases upon which Defendant Hamilton County relies for this assertion that the PLRA exhaustion requirement applies to Plaintiff's state law claims directly state or hold that the PLRA exhaustion requirement applies to state law claims. *See, generally, Porter*, 534 U.S. 516; *Giano v. Goord*, 250 F.3d 146 (2nd Cir. 2001); *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002); *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003). And the Court notes that the Sixth Circuit has specifically stated that a plaintiff could pursue his state law claims after his federal claims were dismissed pursuant to the PLRA exhaustion requirement. *Napier*, 636 F.3d at 226 (noting that after the district court dismissed the plaintiff's federal claims pursuant to the PLRA exhaustion requirement and the Sixth Circuit affirmed that dismissal, the plaintiff was still free to pursue his state law claims).

Thus, the Court declines to dismiss Plaintiff's state law claims based on the PLRA exhaustion requirement.

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "critical procedural rules" in a manner that allows prison officials to review and, where necessary, correct the issues set forth in the grievance "on the merits." *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)); *see also Woodford,* 548 U.S. at 92 ("Proper exhaustion demands compliance with an agency's deadlines . . . because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). "There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

As set forth above, the parties agree that Plaintiff failed to file a grievance regarding the force incident underlying his complaint prior to filing this action. In his response to the summary judgment motion and the affidavit filed with that response, however, Plaintiff attempts to excuse this omission by stating that no jail official provided him a grievance handbook and/or informed him of the PLRA requirement that he file a grievance prior to bringing a lawsuit, and that he assumed jail officials were investigating the force incident (Doc. 77, at 17–20; Doc. 77-1).

But Plaintiff's affidavit and response in opposition to the summary judgment motion are most notable for what they do not say. Specifically, Plaintiff does not testify or cite any proof that the Hamilton County Jail's grievance system would not provide him relief, that he did not know how to file a grievance, that the applicable grievance procedures were so confusing they were indecipherable, or that any jail official prevented him from accessing the inmate handbook containing the grievance procedures or filing a grievance regarding the incident underlying his

8

complaint in any way. *See Ross v. Blake*, 578 U.S. 632, 643–44 (2016) (providing that a prisoner may be excused from complying with the exhaustion requirement where (1) there is no possibility for relief through use of the procedure; (2) when the rules are so confusing as to render them essentially unknowable; and (3) when prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation").

Moreover, Defendant Hamilton County sets forth undisputed proof that (1) Plaintiff knew how to file a grievance in the Hamilton County Jail, as he filed many grievances prior to and after the incident underlying his complaint including grievances about officers (Doc. 57-4); (2) information regarding the grievance process is available to inmates electronically in kiosks that are contained throughout the jail (Doc. 57-1, at 2); (3) Defendant Hamilton County has policies and procedures to inform inmates of the grievance process during orientation and through the inmate handbook (Doc. 57-3, at 1); (4) the grievance system and assistance is "readily available" to inmates (*Id.* at 2). And while Plaintiff at least implies that jail officials' failure to inform him of the PLRA requirement that he file a grievance before filing a lawsuit somehow excuses his failure to file a grievance, Plaintiff does not cite any case law to support this assertion. It is apparent that Plaintiff filed numerous electronic grievances (Doc. 57-4), and information regarding the grievance process is made available on the electronic kiosks (Doc. 57-1, at 1). Furthermore, the Defendant Hamilton County's policies and procedures outline that inmates are made aware of the grievance process both during orientation and through the inmate handbook (Doc. 57-3). Plaintiff's declaration that he was never provided with "anything . . . that instructed [him] on how to file such a grievance" is implausible, especially given that he filed numerous grievances prior to the incident on February 7, 2023. (Doc. 77-1.)

9

Also, Plaintiff's assertion that jail officials were investigating the incident underlying his complaint does not excuse his failure to file a grievance, as the Sixth Circuit has held that an internal investigation is not a substitute for exhaustion through the prison's administrative grievance procedure. *See Curry v. Scott*, 249 F.3d 493, 504 (6th Cir. 2001) (citing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)).

As such, no reasonable jury could find that the grievance procedure was unavailable to Plaintiff, such that it could excuse his failure to exhaust his administrative remedies prior to filing this action, and Defendant Hamilton County is entitled to summary judgment on any § 1983 claims against it.

### 2. State Law Claims

As set forth above, the only two claims for which Plaintiff specifically seeks to hold Defendant Hamilton County liable are (1) a claim under Tennessee Code Annotated § 8-8-302 and (2) for indemnification under Tennessee law (Doc. 14, at 15–16). The Court will address these claims in turn.

#### a. GTLA

Plaintiff's first state claim against Defendant Hamilton County relies on Tennessee Code Annotated § 8-8-302 (Doc. 14, at 15–16). This statute provides in relevant part that:

> [a]nyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office.

Defendant Hamilton County asserts that it is entitled to immunity under the GTLA for this claim because it is based upon the same acts giving rise to Plaintiff's § 1983 civil rights claims (Doc. 58, at 7–16).

10

In response, Plaintiff asserts that the Court should categorize Defendant Hamilton County's GTLA immunity argument under Rule 12(b)(6) that Tennessee has waived its sovereign immunity for "ordinary negligence" of government employees, and that Tennessee Code Annotated § 8-8-302 "funnels" claims against county deputies to "the county in which the sheriff serves" such that "[a]ctions for the non-negligent misconduct of deputies . . . may therefore be covered by Tenn. Code Ann. § 8-8-301 et. seq., in the appropriate cases" (Doc. 77, at 4–10) (citing *Jenkins v. Loudon Cnty.*, 736 S.W.2d 603, 610 (Tenn. 1987)). Plaintiff further asserts that the intentional torts of "battery, assault, the intentional infliction of emotional distress ('IIED'), and civil conspiracy" alleged in his complaint occurred during the course and scope of the individual Defendants' employment, that the GTLA should not override federal law in a manner that would "swallow broad classes of claims . . . simply because they can be characterized as relating to or arising from federal rights," that his constitutional claims against Defendants Carson and Craig are separate from his battery, assault, IIED, and civil conspiracy claims, and that he should therefore be able to hold the County liable for his common law claims under Tennessee Code Annotated § 8-8-302 (*Id.* at 11–13).

Regardless of whether the Court applies the Rule 12(b)(6) standard or the summary judgment standard to Defendant Hamilton County's argument that it is entitled to immunity from Plaintiff's claim for relief under Tennessee Code Annotated § 8-8-302, it is persuasive. Unless the GTLA specifies otherwise, it provides blanket immunity for all governmental entities in suits for injuries resulting from the exercise of governmental duties. *Johnson v. City of Memphis*, 617 F.3d 864, 871–2 (6th Cir. 2010); Tenn. Code Ann. § 29-20-201(a). However, the GTLA removes governmental immunity where a governmental employee, acting within the scope of his employment, causes an injury to a plaintiff through a negligent act or omission. Tenn. Code

11

Ann. § 29-20-205.  In such cases, governmental immunity is removed, and the GTLA shields only the employee with immunity.  Tenn. Code Ann. §§ 29-20-205 & 29-20-310(b).  But there is also an exception (to this exception) for claims arising out of "infliction of mental anguish, invasion of right of privacy, or civil rights," which means that, for such claims, the individual employee may be held liable, while the government retains its general shield of immunity.  *Id.* § 29-20-205(2); *Johnson*, 671 F.3d at 871–72 (finding civil rights exception applied when plaintiff's claim for negligence arose out of the same circumstances giving rise to her civil rights claim under § 1983).

It is apparent from Plaintiff's amended complaint as a whole that his state law claims for assault and battery, IIED, and civil conspiracy against Defendants Craig and Carson are based on the same acts on which he relies for his § 1983 civil rights claims against these Defendants (Doc. 14, at 13–15).  Specifically, Plaintiff does not rely on any new facts to support these claims, but instead merely relies on and/or reasserts the same facts as supporting state law claims and sets forth legal conclusions regarding those facts and claims (*Id.*).  As such, Defendant Hamilton County is entitled to immunity from Plaintiff's Tennessee Code Annotated § 8-8-302 claim under the GTLA.  *Bryant v. McCoig*, No. 3:15-CV-475, 2018 WL 3892427, at *10 (E.D. Tenn. Aug. 14, 2018) (holding that because the plaintiff's "assault and battery claim . . . clearly ar[ose] out of the same circumstances giving rise to his § 1983 claims," it "falls under the civil-rights exception to the TGTLA, and the [municipality] retains its immunity") (citations omitted).

Accordingly, Defendant Hamilton County has immunity from Plaintiff's Tennessee Code Annotated § 8-8-302 claim under the GTLA, and it is **DISMISSED**.

### b. Indemnification

In his amended complaint, Plaintiff states in relevant part that

> Tennessee law provides that the County is directed to pay any tort judgment for compensatory damages for which its employees are liable within the scope of their employment activities. . . . The individual defendants were employees of the County and acted within the scope of their employment in committing the actions described herein.

(Doc. 14, at 16). Defendant Hamilton County, however, argues that Plaintiff's amended complaint allegations make it clear that the individual Defendants' acts underlying Plaintiff's claims were outside of the scope of their employment and that this indemnification claim is not cognizable (Doc. 58, at 16–17). It appears that both Plaintiff and Defendant Hamilton County are incorrect about the parameters of this claim. Nevertheless, this claim is subject to dismissal for the reasons set forth below.

First, in his amended complaint, Plaintiff does not cite a Tennessee statute that requires Defendant Hamilton County to indemnify him for his tort claims against the individual Defendants. However, in their motion for summary judgment, Defendant Hamilton County asserts that the only Tennessee statute that would support this indemnification claim is Tennessee Code Annotated § 29-20-310(d), and Plaintiff does not dispute this assertion. Tennessee Code Annotated § 29-20-310(d) provides as follows:

> Local governmental entities shall have the right, as a matter of local option, to elect to insure or to indemnify their employees for claims for which the governmental entity is immune under this chapter arising under state or federal law upon such terms and conditions as the local government may deem appropriate; provided, that such indemnification may not exceed the limits of liability established for governmental entities in § 29-20-403 except in causes of action in which the liability of governmental employees is not limited as provided in this chapter.

Confusingly, however, while Defendant Hamilton County points out that this statutory provision only allows governments to elect to indemnify employees, both parties assert that the determination of whether Defendant Hamilton County must indemnify Plaintiff pursuant to this claim is dependent only upon whether the individual Defendants were acting within the scope of

13

their employment (*Id.*; Doc. 77, at 10).  But this reference to the scope of the individual Defendants' employment appears to be based on Tennessee Code Annotated § 29-20-310(a), which provides that:

> The court, before holding a governmental entity liable for damages, must first determine that the employee's or employees' act or acts were negligent and the proximate cause of plaintiff's injury, that the employee or employees acted within the scope of their employment and that none of the exceptions listed in § 29-20-205 are applicable to the facts before the court.

However, neither party explains the interplay between Tenn. Code Ann. § 29-20-310(a) and (d) or cites any cases doing so, nor has the Court located any such cases.

Regardless, to the extent Tennessee Code Annotated § 29-20-310(a) applies to Plaintiff's indemnification claim, application of this provision would mean that Defendant Hamilton County would again be immune from indemnification pursuant to the GTLA's exception for civil rights contained in Tennessee Code Annotated § 29-20-205, as set forth above.

Additionally, even if Tennessee Code Annotated § 29-20-310(d), standing alone, could support Plaintiff's indemnification claim, that claim is subject to dismissal.  Specifically, as set forth above, Plaintiff states in his amended complaint that Tennessee law requires Defendant Hamilton County to indemnify him.  But Tennessee Code Annotated § 29-20-310(d), which is the only Tennessee statute the parties cite for this indemnification claim and the only Tennessee statute the Court has located that may apply to that claim, provides only that a government entity "ha[s] the right . . . to elect to . . . indemnify their employees for claims for which the governmental entity is immune [under the GTLA] upon such terms and conditions as the local government may deem appropriate[.]"  Thus, a municipality is not required to elect to insure or indemnify its employees under this statute. *Chambers v. City of Chattanooga*, 71 S.W.3d 281, 286 (Tenn. Ct. App. 2001) (holding that "[w]hile the City had the option under [Tenn. Code

14

Ann. § 29-20-310(d)] to insure or indemnify [its employee], we conclude the statute did not require it to do so."). And in his amended complaint, Plaintiff does not set forth any facts suggesting that Defendant Hamilton County elected to indemnify its employees in a manner that would result in this Defendant having to indemnify him for any judgment against the individual Defendants herein. Nor has Plaintiff set forth any proof of any applicable indemnification agreement.

As such, regardless of whether the Court applies the Rule 12(b)(6) standard or the summary judgment standard, Plaintiff's indemnification claim is also subject to dismissal.

**D.     Conclusion**

For the reasons set forth above, Defendant Hamilton County's motion for summary judgment (Doc. 57) is **GRANTED**.

Also, as the Court has found that the record demonstrates that Plaintiff failed to exhaust his available administrative remedies as to all § 1983 claims in his complaint, Plaintiff shall have fifteen (15) days from the date of entry of this order to show good cause as to why the Court should not dismiss his § 1983 claims against the individual Defendants for this same reason. *See*, *e.g.*, *Moore v. Booth*, 122 F.4th 61, 66–70 (2d Cir. 2024) (reversing a district court's grant of default judgment against a defendant where (1) the plaintiff's claims against all defendants arose out of the same use of force incident; (2) the same PLRA exhaustion requirement applied to all the plaintiff's claims; and (3) the district court had granted the non-defaulting defendants summary judgment on the ground that the plaintiff had not exhausted his available administrative remedies for his claims, because the district court's entry of a default judgment and an order granting summary judgment based on failure to exhaust were inconsistent judgments) (citations omitted).

## II. MOTION FOR SANCTIONS

In his motion for sanctions, Plaintiff avers that Defendant Craig has failed to timely answer his discovery despite a prior Court order requiring him to do so and warning him that sanctions may result from his failure to do so (Doc. 89, at 1–2). Plaintiff therefore requests entry of default judgment, an order holding Defendant Craig in contempt of Court, that the Court strike Defendant Craig's defenses and prevent him from offering any evidence entitling him to qualified immunity at trial, and an award of his attorney's fees after a hearing (*Id.* at 4). Defendant Craig has not responded to this motion, and his time for doing so has passed.

However, Plaintiff's request for default judgment is procedurally improper, as he has not complied with the two-step process contemplated by Rule 55 of the Federal Rules of Civil Procedure. Pursuant to Rule 55(a), a plaintiff must first move for a Clerk's entry of default, demonstrating that a defendant has failed to plead or defend. *See* Fed. R. Civ. P. 55(a). If a default is entered, then the plaintiff may move the Court for entry of default under Rule 55(b). *See* Fed. R. Civ. P. 55(b). Plaintiff did not comply with this two-step process by seeking a Clerk's entry of default prior to seeking default judgment, and therefore his request for default is improper. *See, e.g., Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012) ("[I]t was procedurally improper for Plaintiff to move for entry of default judgment without first obtaining an entry of default from the clerk.").

Additionally, while the Court is concerned about Defendant Craig's failure to answer discovery despite the Court order requiring him to do so, it is also cognizant of Defendant Craig's *pro se* status, as well as the fact that, as set forth above, it appears that Plaintiff's failure to exhaust his administrative remedies as to his § 1983 claims may bar his ability to obtain relief as to the remaining Defendants.

16

As such, Plaintiff's motion for sanctions is **DENIED without prejudice**.

## III. CONCLUSION

For the foregoing reasons:

1. Defendant Hamilton County's motion for summary judgment (Doc. 57) is **GRANTED**;

2. Plaintiff shall have fifteen (15) days from the date of entry of this order to show good cause as to why the Court should not dismiss his § 1983 claims against the individual Defendants due to his failure to exhaust his available administrative remedies prior to filing this action; and

3. Plaintiff's motion for sanctions (Doc. 88) is **DENIED without prejudice**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**